1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

PAULA A. SMITH,

11

Plaintiff,

12

v.

13

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

14

15

Defendant.

16

CASE NO. 14-cv-05023 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

17

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19

Magistrate Judge and Consent Form, ECF No. 6; Consent to Proceed Before a United

20

States Magistrate Judge, ECF No. 8). This matter has been fully briefed (*see* ECF Nos.

21

20, 21, 24).

22

After considering and reviewing the record, the Court concludes that the ALJ

23

24

failed to specify all of the requisite findings in the residual functional capacity ("RFC"),

1    and hence, the ALJ's dependent finding at step four that plaintiff could perform her past

2    relevant work is not a finding based on substantial evidence in the record. Although the

3    ALJ found that plaintiff required more than the usual amount of bathroom breaks, the

4    ALJ failed to specify the duration of said breaks. According to the vocational expert, if

5    the extra breaks are only five to seven minutes in duration, plaintiff still would be capable

6    of competitive work, while if they are longer than ten minutes, plaintiff would not be

7    capable of competitive work.

8        Therefore, this matter must be reversed and remanded pursuant to sentence four of

9    42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with

10   this Order

11

12                                        BACKGROUND

13       Plaintiff, PAULA A. SMITH, was born in 1965 and was 43 years old on the

14   alleged date of disability onset of July 17, 2009 (*see* Tr. 137-139). Plaintiff graduated

15   from high school (Tr. 42).   Plaintiff has work experience in sales and cashiering and as a

16   daycare provider (Tr. 51-53, 167). According to her testimony, plaintiff quit her last job

17   because "of the reactive airway disease" (*see* Tr. 621), although evidence from the record

18   suggests that an accusation of theft may have been involved (*see* Tr. 18, 313, 624-28).

19       According to the ALJ, plaintiff has at least the severe impairments of

20   "Degenerative Disc Disease; Obesity; Hyperlipidema; and Hypertension (20 CFR

21   404.1520(c))" (Tr. 11).

22

23       At the time of the hearing, plaintiff was living in a home with her husband, a dog,

24   four cats and a bird (Tr. 41).

ORDER ON PLAINTIFF'S COMPLAINT - 2

1

<u>PROCEDURAL HISTORY</u>

2

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42

3

U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following

4

reconsideration (*see* Tr. 76-78, 80-81). Plaintiff's requested hearing was held before

5

Administrative Law Judge Rebekah Ross ("the ALJ") on February 1, 2012 (*see* Tr. 27-

6

73). On August 15, 2012, the ALJ issued a written decision in which the ALJ concluded

7

that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.6-26).

8

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ

9

err by rejecting the functional limitations determined by an examining state agency

10

doctor, instead relying on the opinion of a non-examining reviewer who had incomplete

11

records, leading to a defective RFC; (2) Did the ALJ improperly give great weight to the

12

opinions of state agency reviewers regarding plaintiff's functional ability for legally and

13

factually supported reasons; (3) Did the ALJ fail in the duty to develop the record to

14

establish whether or not the diagnosis of fibromyalgia met the requirements of SSR 12-

15

2p; (4) Is the credibility assessment of the ALJ flawed because it is not based on

16

substantial evidence and uses an impermissible methodology; (5) Is the ALJ's rejecting

17

of the lay witness statements based on unsound legal reasons; and (6) Is the RFC

18

assessment by the ALJ ambiguous because the requirement of a need to have access to a

19

bathroom on an average of two unscheduled bathroom breaks in addition to regularly

20

scheduled breaks are not defined with respect to duration (*see* ECF No. 20, pp. 1-2).

21

Because the Court concludes that issue number six is dispositive and the most egregious

22

error, the remainder of the issues will not be discussed or will be discussed only briefly.

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 3

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

(1)   **Is the RFC assessment by the ALJ ambiguous because the requirement of a need to have access to a bathroom on an average of two unscheduled bathroom breaks in addition to regularly scheduled breaks are not defined with respect to duration?**

Plaintiff argues that although the ALJ found that plaintiff required access to a bathroom for on average two unscheduled bathroom breaks, the ALJ never made a finding regarding the length of the required unscheduled bathroom breaks (*see* ECF No. 20, p. 16). As argued by plaintiff:

> [Plaintiff] testified that she has diarrhea between 3 to 5 days per week and this is accompanied by nausea. (Tr. 634). The nausea happens once or twice a day. (Tr. 655). When she has diarrhea, she can be in the bathroom from five minutes to thirty minutes at a time. After she finishes in the bathroom, she has nausea and fatigue. She may have to lie down anywhere from a half hour to two hours in order to recuperate. (Tr. 657). None of this is addressed by the ALJ in the decision. The reason why this is important is because the testimony of the VE as to whether [plaintiff] was able to engage in work activities changes depending on how long the time in the bathroom was in a work context. The VE testified that if a bathroom break was in the range of 5 to 7 minutes, it would not be a problem. However if a bathroom break was 10 to 20 minutes in duration, [plaintiff] would be unable to perform her past work or any other work. (Tr. 64). However, the ALJ does not define in the RFC the length of time of the unscheduled bathroom breaks.  .  .  .   The conclusion of the ALJ that [plaintiff] can

1

2

perform her past work is not supported by substantial evidence in the view of the fact that the length of time of the unscheduled bathroom breaks is a critical element of the RFC.

3

(*see id.*).

4

5

6

7

8

9

10

If the ALJ cannot determine whether or not a claimant is disabled based on a claimant's current work activity or on medical factors alone and a claimant has a severe impairment, a review is made of the claimant's residual functional capacity ("RFC"). *See* Social Security Ruling "SSR" 96-8p, 1996 SSR LEXIS 5 at *3-*4. RFC is the most a claimant can do despite existing limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c).

11

12

13

14

15

16

17

Although the ALJ here found that plaintiff required more than the usual amount of bathroom breaks, the ALJ failed to specify the duration of said breaks in her RFC (*see* Tr. 15). According to the vocational expert ("VE"), if the extra breaks are longer than ten minutes, plaintiff would not be capable of competitive work (*see* Tr. 664, 671). The ALJ's RFC for plaintiff in her written decision leaves open the possibility that plaintiff's extra breaks are longer than ten minutes (*see* Tr. 15). At the administrative hearing, as is typical, the ALJ asked the VE questions about a hypothetical individual (*see* Tr. 664-68).

18

19

20

21

22

23

Defendant's argument suggests that because the only way that the ALJ's step four finding is valid is if the ALJ found in the RFC that plaintiff's extra restroom breaks only required five to seven minutes, therefore the ALJ found as such. However, the actual RFC in the written decision contains no such finding. Although defendant suggests that the hearing transcript makes it clear that the ALJ found that plaintiff's extra restroom

24

breaks only required five to seven minutes, there likewise is no such finding in the hearing transcript, even if this would suffice.

At the hearing, the ALJ asked the VE if a hypothetical individual with plaintiff's RFC, who needed unscheduled bathroom breaks on the average of two times a workday, would be able to perform the identified jobs (*see* Tr. 664). The VE testified that: "well, if the bathroom breaks are not more than 5 to about 7 minutes, something in that range, it probably wouldn't be significant. If it was more like 10 to 20 minutes, then it would be more significant" (*see* Tr. 664). This is not a finding by the ALJ, but entails a question by the ALJ and an answer by a VE. Therefore, even if it were acceptable for the ALJ to make her findings at the administrative hearing as opposed to in the written decision, no such findings were made by the ALJ anywhere.

The ALJ put no time limit on the duration of plaintiff's extra restroom breaks. As plaintiff testified that she requires up to thirty minutes for her bathroom breaks, and as the ALJ found in her RFC only that plaintiff required extra breaks, these breaks clearly could be of thirty minute duration based on the record (*see* Tr. 656). According to the testimony by the VE, such a finding would render plaintiff incapable of competitive work (*see* Tr. 664, 671). Although defendant argues that "magic words" are not required as long as the Court can draw specific and legitimate inferences from the findings, here, there are no relevant findings (*see id.* (*citing Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989); *Molina v. Astrue*, 674 F.3d 1104, 1108, 1121 (9th Cir. 2012) (other citations omitted); *see also* Fed. R. Civ. P. 11(b)).

1    The Court will not assume that an ALJ made a specific finding simply because

2    such a finding is required to make the ALJ's subsequent finding logical. According to the

3    Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the

4    ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post*

5    *hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."

6    *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery*

7    *Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674

8    F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground

9    not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

10   Defendant cites no case law or federal regulation suggesting that the Court may furnish

11   findings necessary to make the written decision logical, in the absence of necessary

12   findings by the ALJ (*see* ECF No. 21, pp. 14-15; *see also* Fed. R. Civ. P. 11(b)).

13

14        As noted by defendant, defendant is correct that the ALJ should have made such a

15   finding, "[o]therwise the ALJ could not have relied on the VE's testimony at step four"

16   (*see* ECF No. 21, pp. 14-15). However, because the ALJ made no particular finding

17   regarding the duration of the extra bathroom breaks, the Court concludes that the ALJ's

18   reliance on the VE testimony at step four and the ALJ's step four finding regarding

19   plaintiff's ability to perform past relevant work, are not based on substantial evidence in

20   the record as a whole. As a result, this matter must be reversed and remanded for further

21   proceedings consistent with this Order.

22   //

23   //

24

ORDER ON PLAINTIFF'S COMPLAINT - 7

**(2)    Did the ALJ err by rejecting the functional limitations determined by an examining state agency doctor, instead relying on the opinion of a non-examining reviewer who had incomplete records, leading to a defective RFC; and, did the ALJ improperly give great weight to the opinions of state agency reviewers regarding plaintiff's functional ability for legally and factually supported reasons.**

The Court already has concluded that this matter must be reversed and remanded for further evaluation regarding plaintiff's RFC, *see supra*, section 1. This will require reevaluation of the medical evidence. In this context, the Court also notes that although the ALJ gave great weight to the opinion of Dr. Robert Hoskins, M. D., and found that "he had the opportunity to review the claimant's medical records," plaintiff persuasively argues that this finding may not be correct (*see* Opening Brief, ECF No. 20, pp. 7-9).

The Court notes the following argument by plaintiff:

While the reconsideration denial letter, (Tr. 80), recites that the report of Dr. Liu was received October 30, 2010, the records of DDS state that it was received on November 2, 2010, after the review of Dr. Hoskins was completed. His note confirming the review of the SDM makes no reference to Dr. Liu's report. What is certain is that substantial amount of medical evidence came into the file after Dr. Hoskins looked at the file, including all the record starting at Exhibit 8F. (Tr. 289-604). Thus, the statement of the ALJ that Dr. Hoskins had the opportunity to review [plaintiff's] medical records simply is untrue.

(ECF No. 20, p. 9).

Defendant does not respond directly to this argument, other than to argue that it is "irrelevant" (*see* ECF No. 21, p. 3).

The Court also notes that the ALJ found that examining doctor, Dr. Beth Liu, M.D., provided an "overall opinion that the claimant can work" (*see* Tr. 20). The ALJ indicated that she was giving "great weight" to this opinion by Dr. Liu (*see id.*).

1    However, the problem with the ALJ's provision of great weight to this opinion, as noted

2    by plaintiff, is that Dr. Liu never provided such an opinion (*see* ECF No. 20, pp. 6-7). Dr.

3    Liu actually provided a medical source statement, with various specific functional

4    limitations that were rejected by the ALJ (*see* Tr. 20, 281; *see also,* Tr. 279-83). The most

5    generous assessment of plaintiff's abilities by Dr. Liu appears to be the statement that

6    "the prognosis is good if she tries loss weight (sic) and gets pain management" (*see* Tr.

7    281).

8        Regarding Dr. Liu's prognosis, defendant again ignores an argument by plaintiff,

9    and fails to address this error by the ALJ.

10       The Court does not find persuasive defendant's lack of response.

11       Based on the relevant record, and for the reasons discussed, the Court concludes

12   that all of the medical evidence should be evaluated anew following remand of this

13   matter.

14

15       (3)    **Is the ALJ's rejecting of the lay witness statements and of plaintiff's**
              **allegations based on unsound legal reasons?**

16

17       Because of the discussed errors, the Court concludes that all of the lay evidence

18   should be evaluated anew following remand of this matter.

19       The Court briefly notes that the ALJ explicitly provided one reason for declining

20   to credit the written statements of lay witness, Ms. Rhonda Cherry, finding that "the

21   objective medical evidence in the record does not support that the claimant is as limited

22   as alleged" (*see* Tr. 19). However, the Ninth Circuit has characterized lay witness

23   testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony

24

as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)).

All of the lay evidence should be evaluated anew following remand of this matter.

<u>CONCLUSION</u>

The ALJ committed numerous errors requiring reevaluation of the entire record, as explained herein. The RFC as found by the ALJ leaves open the possibility that plaintiff cannot engage in competitive work, as it includes the finding that plaintiff requires two unscheduled bathroom breaks of unspecified duration.

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 2nd day of September, 2014.

J. Richard Creatura
United States Magistrate Judge